NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIN WONG, *et al.*, | Civil Action No. 14-5313 (CCC-JBC) |
| Plaintiffs, | |
| v. | OPINION |
| INVESTORS BANCORP, INC., *et al*, | |
| Defendants. | |

**CECCHI, District Judge.**

## I.  INTRODUCTION

This matter comes before the Court on the motion by Defendants Investors Bancorp, Inc. and Investors Bank, successor-in-interest to Investors Savings Bank, (collectively, "Defendants") to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 6.  Plaintiffs Kin Wong and Eva Chin, on behalf of 285 Goldsmith Avenue, LLC ("Plaintiffs"), have not opposed the motion.  For the reasons set forth below, the Court grants Defendants' motion to dismiss.

## II.  BACKGROUND

Plaintiffs, proceeding *pro se*, filed the Complaint in this action on August 25, 2014. ECF No. 1.  The Complaint appears to challenge the foreclosure on a parcel of property at 279 Goldsmith Avenue in Newark, New Jersey (the "Subject Property").  Plaintiffs seek declaratory relief that Defendants lack the authority to foreclose on the Subject Property, injunctive relief

preventing foreclosure and sale of the Subject Property, and to quiet title to the Subject Property. Compl. ¶¶ 113-131.

Plaintiffs do not assert any federal causes of action. The Complaint states that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship between the parties and an amount in controversy greater than $75,000. Id. at ¶¶ 10-13. In the Complaint, Plaintiffs state that they are residents of New Jersey, and that "Defendants are business entities organized in a state or jurisdiction other than New Jersey with their respective headquarters and principal place of business located in a state or jurisdiction other than New Jersey." Id. at ¶ 12.

On October 28, 2014, Defendants moved to dismiss the action based on, *inter alia*, lack of subject matter jurisdiction, arguing that all of the parties to the action are, in fact, citizens of New Jersey. ECF No. 6. The motion is unopposed.

### III. LEGAL STANDARD

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). First, the court must determine whether the 12(b)(1) motion presents a facial attack or a factual attack. Id. (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). Unlike facial attacks, for which the court must consider the allegations of the complaint in the light most favorable to the plaintiff, "the presumption of truth does not extend to factual attacks, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," including "weigh[ing] and consider[ing] facts outside the

pleadings to decide whether subject matter jurisdiction is proper." Hood v. Mercer-Bucks Orthopaedics, No. 14-3427, 2014 WL 5465879, at *2 (D.N.J. Oct. 28, 2014) (citing Mortensen, 549 F.2d at 891, and Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014)).

An example of a factual attack on subject matter jurisdiction is a situation where, "while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." Aichele, 757 F.3d at 358. Federal courts have limited jurisdiction; thus, "a plaintiff may invoke the jurisdiction of a federal court only pursuant to a statutory grant of authority to adjudicate the asserted claim." Clinton Cnty. Comm'rs v. U.S. E.P.A., 116 F.3d 1018, 1021 (3d Cir. 1997). Under 28 U.S.C. § 1332, federal courts have jurisdiction over cases between "citizens of different States," where the amount in controversy exceeds $75,000. For the purposes of diversity jurisdiction, a corporation is "'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also 'of the State where it has its principal place of business.'" Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1332(c)(1)). "State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription." Id. A limited liability company's citizenship "is determined by the citizenship of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

## IV. DISCUSSION

Here, the Defendants make a factual attack on subject matter jurisdiction by contending that all of the parties to this action are citizens of New Jersey, so diversity jurisdiction is lacking. Defendants assert that Defendant Investors Bank is "a state banking institution duly organized under New Jersey law, having its principal place of business and headquarters in Short Hills,

3

New Jersey." Defs.' Br. at 5-6. Defendants support that assertion with the Certification of Suzanne E. Andrews, General Counsel for Defendant Investors Bancorp., Inc. and Investors Bank (f/k/a Investors Savings Bank), a Business Entity Status Report for Investors Savings Bank from the New Jersey Department of Banking and Insurance, Division of Banking, and loan documents identifying Investors Savings Bank as being organized under New Jersey law with a principal office in New Jersey. Andrews Cert. ¶¶ 2, 4, Exs. A, C.

Defendants also assert that Defendant Investors Bancorp, Inc. is a Delaware corporation with its principal place of business in Short Hills, New Jersey. Defs.' Br. at 5-6. Defendants support this assertion with Ms. Andrews' Certification, the loan documents discussed above, a Business Entity Status Report from the New Jersey Business Gateway Business Entity Information and Records Service, and a Securities and Exchange Commission Form 15, showing a New Jersey address for Investors Bancorp's principal place of business. Andrews Cert. ¶¶ 3-4, Exs. B, C.

As stated above, Plaintiffs state in their complaint that they are residents of New Jersey and that they are suing on behalf of a New Jersey limited liability company. Compl. ¶¶ 1-2. Plaintiffs have not opposed the instant motion or any of Defendants' assertions therein. Based on Defendants' uncontested assertions and evidence that they are citizens of New Jersey for the purposes of diversity jurisdiction under 28 U.S.C. § 1332, and as the sole purported basis for this Court's subject matter jurisdiction over this matter is under 28 U.S.C. § 1332, the Court finds that it does not have subject matter jurisdiction over this action. See Mortensen, 549 F.2d at 891. Accordingly, the Court must dismiss the action. See Schering Plough, 678 F.3d at 243.[1]

---

[1] Defendants also argue that the Court should dismiss the Complaint because the Plaintiff

4

## V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss the Complaint is granted. An appropriate order accompanies this Opinion.

Dated: February 9, 2015

CLAIRE C. CECCHI, U.S.D.J.

---

is a limited liability company and thus cannot prosecute this action *pro se*. Defs.' Br. at 6-7. Because the Court finds that it lacks subject matter jurisdiction over this action, it does not reach the question of whether Plaintiffs can prosecute this action *pro se*.