NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIN WONG, et al., | Civil Action No. 14-5313 (CCC-JBC) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| INVESTORS BANCORP, INC., et al, | |
| Defendants. | |

**THIS MATTER** comes before the Court on the motion of *pro se* Plaintiffs Kin Wong and Eva Chin ("Plaintiffs") to set aside this Court's order dismissing this action and for leave to amend their Complaint. ECF No. 11. It appearing that:

1. Plaintiffs, proceeding *pro se*, filed the Complaint in this action on August 25, 2014. ECF No. 1. The Complaint appeared to challenge the foreclosure on a parcel of property at 279 Goldsmith Avenue in Newark, New Jersey (the "Subject Property"). Plaintiffs sought declaratory relief that Defendants lack the authority to foreclose on the Subject Property, injunctive relief preventing foreclosure and sale of the Subject Property, and to quiet title to the Subject Property. Compl. ¶¶ 113-131.[1]

---

[1] The Court notes that Plaintiffs are entitled to represent themselves *pro se*, but may not represent other persons or entities *pro se*. See Schneller ex rel. Schneller v. Fox Subacute at Clara Burke, 317 F. App'x 135, 137 n.1 (3d Cir. 2008) (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) and Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)). Though it is unclear from the face of the Complaint whether Plaintiffs intend to represent themselves or another entity, the Court construes the Complaint as indicating that Plaintiffs are representing themselves.

2. Plaintiffs did not assert any federal causes of action. The Complaint stated that this Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship between the parties and an amount in controversy greater than $75,000. Id. at ¶¶ 10-13.

3. In the Complaint, Plaintiffs stated that they are residents of New Jersey, and that "Defendants are business entities organized in a state or jurisdiction other than New Jersey with their respective headquarters and principal place of business located in a state or jurisdiction other than New Jersey." Id. at ¶ 12.

4. On October 28, 2014, Defendants moved to dismiss the action based on, *inter alia*, lack of subject matter jurisdiction, arguing that all of the parties to the action are, in fact, citizens of New Jersey. ECF No. 6. The motion was unopposed.

5. Based on Defendants' uncontested assertions and evidence that they, like Plaintiffs, are citizens of New Jersey, and as the sole purported basis for this Court's subject matter jurisdiction over this matter was under 28 U.S.C. § 1332, the Court concluded that it did not have subject matter jurisdiction over this action and dismissed the action on February 9, 2015. See Opinion dated February 9, 2015, ECF No. 9.

6. On February 17, 2015, Plaintiffs filed the instant motion to set aside the dismissal, contending that "the court made a ruling to dismiss Plaintiffs' complaint unbeknownst to Plaintiffs until recently," that "Plaintiffs were not aware of any pending hearings, and were not notified," and "Plaintiffs were not notified of the closing of the case." Mot. to Set Aside Dismissal, ECF No. 11, at 2.

7. Plaintiffs also request leave to amend their complaint pursuant to Federal Rule of Civil

Procedure 15. See id.

8. Defendants have opposed the motion, contending that whether this Court construes Plaintiffs' motion as a motion for reconsideration or a motion to amend, Plaintiffs have not shown an entitlement to relief. See Opp. Br., ECF No. 12, at 4-6.

9. The Court must construe *pro se* filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

10. Plaintiffs' Motion to Set Aside Dismissal and for Leave to Amend the Complaint appears to be both a motion for reconsideration and a motion to amend.

11. Motions for reconsideration are governed by Local Civil Rule 7.1(i), which requires that the movant submit "concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a motion for reconsideration may be granted in only three narrow circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.; see also Williams v. Gavin, No. 14-8061, 2015 WL 1417647, at *2 (D.N.J. Mar. 27, 2015); Lapaz v. Barnabas Health Sys., No. 13-4584, 2015 WL 1271279, at *1 (D.N.J. Mar. 17, 2015); Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).

12. Although Plaintiffs do not set forth the grounds upon which they seek this Court to reconsider its decision to dismiss the Complaint, Plaintiffs indicate that they may not have been served with the motion to dismiss and therefore that they did not have an adequate opportunity to oppose the motion.

13. Plaintiffs further rely on Federal Rule of Civil Procedure 15, seeking to amend their complaint and stating that "Plaintiffs intend to make their allegations in a form that is more recognizable to the Court and to more properly set forth their various causes of actions." Id.

14. Federal Rule of Civil Procedure 15 requires that courts grant leave to amend freely "when justice so requires," in the absence of "undue or substantial prejudice . . . bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure the deficiency by amendments previously allowed or futility." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (internal citations and quotations omitted). "[P]ro se plaintiffs generally must be given an opportunity to amend the complaint." Schneller, 317 F. App'x at 138.

15. Here, although Plaintiffs have not followed the proper procedure for filing a motion for leave to amend the Complaint under Local Civil Rule 7.1(f) or for filing a motion for reconsideration under Local Civil Rule 7.1(i), in light of Plaintiffs' *pro se* status and their indication that they were not served with the motion to dismiss, the Court will reopen the matter and will allow Plaintiffs an opportunity to amend their Complaint. Accordingly, IT IS on this 12 day of August, 2015,

**ORDERED THAT:**

1. The Clerk of the Court shall reopen this matter to address Plaintiffs' motion.

4

2. Plaintiffs' Motion to Set Aside Dismissal and for Leave to Amend the Complaint (ECF No. 11) is granted.

3. Plaintiffs shall be permitted to file an Amended Complaint within fourteen (14) days of the date of this Order.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**